**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LISA TRAVELSTEAD and KAARL TRAVELSTEAD,**

    **Plaintiffs,**

v.                                         **CASE NO: 6:22-CV-1459**

**U.N. MANAGEMENT LIMITED LIABILITY COMPANY, a foreign limited liability company d/b/a DAYS INN, and NATVARLAL V. UMRIGAR a/k/a NATU UMRIGAR, an individual,**

    **Defendants.**
_____/

**DEFENDANTS' NOTICE OF FILING REMOVAL**

Defendants, U.N. MANAGEMENT LIMITED LIABILITY COMPANY, a foreign limited liability company d/b/a DAYS INN, and NATVARLAL V. UMRIGAR a/k/a NATU UMRIGAR, under 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes to this Court the lawsuit captioned Lisa Travelstead and Kaarl Travelstead v. U.N. Management Limited Liability Company, d/b/a Days Inn, and Natvarlal V. Umrigar a/k/a Natu Umrigar, Case No.:05-2022-CA-036517, which was filed on July 12, 2022, in the Circuit Court of Brevard County, Florida, (The "State Court Action"). In support of removal, Defendants state:

1.    On July 12, 2022, Plaintiffs, LISA TRAVELSTEAD and KAARL TRAVELSTEAD, filed the State Court Action against Defendants. A copy of the Summons and Complaint are attached as collective **Exhibit A.**

2.    This is a civil action in which the District Courts of the United States have original jurisdiction, in that this action alleges violations all Defendants violated Plaintiffs' rights and the rights of a putative class under the Fair Labor Standards Act, as amended, 29 U.S.C.

§201, *et. seq.,* and minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution. Thus, the suit raises a federal question, and there is original jurisdiction in the District.

3. Court of the United States as provided in 28 U.S.C. § 1331. Under the provisions of 28 U.S.C. § 1441(a), the right exists to remove this action from the Circuit Court of the State of Florida, in and for Brevard County to the United States District Court for the Middle District of Florida, Orlando Division, which embraces the place where this action is pending.

4. This Notice of Removal is filed within thirty (30) days after service of the complaint on Defendant which occurred on July 27, 2022.

5. Notice to State Court of Filing this Notice of Removal will be filed in the Circuit Court of the 18th Judicial Circuit, in and for Brevard County, Florida in accordance with 28 U.S.C. § 1446(d). (See **Exhibit B** attached).

DATED: August 16, 2022.

*/s/ Nikhil N. Joshi*
NIKHIL N. JOSHI, ESQ.
Florida Bar Number: 123803
LORRAINE MAASS HULTMAN, ESQ.
Florida Bar Number: 250511
*Attorneys for Defendants*
Hultman + Joshi P.A.
2055 Wood Street, Suite 208
Sarasota, FL 34237
T: 941.218.2800/Fax: 941.218.2801
lori@hultmanjoshi.com
nik@hultmanjoshi.com
hjassistant@hultmanjoshi.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of August 2022 a true and correct copy of the foregoing has been filed electronically using the Court's E-filing Portal and that copies of the same have been served by email to:

Peter Bober, Esq.
Bober & Bober, P.A.
2699 Stirling Road
Suite A304
Hollywood, FL 33312
954-922-2298
Email: peter@boberlaw.com; annie@boberlaw.com samara@boberlaw.com
*Attorneys for Plaintiffs*

IN THE CIRCUIT COURT FOR THE 18th
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY FLORIDA

CASE NO.:

LISA TRAVELSTEAD and KAARL
TRAVELSTEAD,

      Plaintiffs,

v.

U.N. MANAGEMENT LIMITED LIABILITY
COMPANY, a foreign limited liability
company d/b/a DAYS INN, and NATVARLAL V.
UMRIGAR a/k/a NATU UMRIGAR,
an individual,

      Defendants.
_____/

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DAMAGES

Plaintiffs, LISA TRAVELSTEAD (hereinafter "L. TRAVELSTEAD") and KAARL TRAVELSTEAD (hereinafter "K. TRAVELSTEAD") by and through their undersigned attorney, file this, their Complaint for Damages against Defendants, U.N. MANAGEMENT LIMITED LIABILITY COMPANY, a foreign limited liability company d/b/a DAYS INN (hereinafter, "DAYS INN"), and NATVARLAL V. UMRIGAR a/k/a NATU UMRIGAR (hereinafter "UMRIGAR") and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq*, (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

**EXHIBIT A**

*Composite*

## JURISDICTION

2. The damages in this case exceed $30,000, exclusive of interest, attorneys' fees and costs.

3. Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, DAYS INN operated a business enterprise (motel), respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

4. Plaintiffs' work for Defendants involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included office supplies, telephones, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation of a motel—all manufactured outside the State of Florida.

5. During the relevant time period, the Defendants employed at least two other employees besides the two Plaintiffs, who "engaged in commerce or in the production of goods for commerce," or it "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included office supplies, telephones, tools, cleaners, bedding supplies, computers, electronic equipment, paper, and other materials necessary for the operation of a motel—and, were manufactured outside the State of Florida.

6. In addition to the foregoing, the Plaintiffs are entitled to the protections of the FLSA as they were "individually covered" by that statute. During the Plaintiffs' employment, they were required to use instrumentalities of interstate commerce on a regular and recurrent basis. The Plaintiffs used instrumentalities of interstate commerce (telephone/internet) on a regular and

2

recurrent basis to, *inter alia,* assist in operating the Defendants' motel, particularly as to motel guests physically residing out-of-state.

7. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within Brevard County, Florida.

8. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in Brevard County, Florida.

## VENUE

9. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in Brevard County, Florida.

and,

    b. Defendants were and continue to be a corporation and individuals doing business within Brevard County, Florida.

## PARTIES

10. At all times material hereto, Plaintiffs, L. TRAVELSTEAD and K. TRAVELSTEAD were residents of Brevard County, Florida, and were "employees" of the Defendants within the meaning of the FLSA.

11. During all times set forth in this Complaint, DAYS INN was an Alabama foreign limited liability company doing business in Brevard County, Florida.

12. At all times material hereto, the Defendants were conducting business in Brevard County, Florida.

13. At all times material hereto, Defendants were the employers of Plaintiffs, L. TRAVELSTEAD and K. TRAVELSTEAD.

14. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution, and Section 448.110 Florida Statutes.

15. At all times material hereto, Defendants failed to pay Plaintiffs, L. TRAVELSTEAD and K. TRAVELSTEAD wages in conformance with the FLSA.

16. Defendants committed a willful, malicious, and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

17. At all times material hereto, DAYS INN was an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendants.

19. Plaintiffs have fulfilled all conditions precedent to the institution of this action, and/or such conditions have been waived.

**STATEMENT OF FACTS**

20. Commencing on or about October 5, 2019, Plaintiff, L. TRAVELSTEAD, was hired by the Defendants to work at the DAYS INN motel in Cocoa, Florida. Her employment with the Defendants ended on or about October 29, 2021.

21. Commencing on or about October 5, 2019, Plaintiff, K. TRAVELSTEAD, was hired by the Defendants to work at the DAYS INN motel in Cocoa, Florida. His employment with the Defendants ended on or about April 28, 2022.

22. While employed, L. TRAVELSTEAD and K. TRAVELSTEAD handled Defendants' motel office paperwork, handled reservations, checked guests in/out, took payments,

4

Filing 152812269         VS                              05-2022-CA-036517-XXXX-XX

made/received telephone calls, assisted guests throughout their shifts, and handled customer complaints.

23. Out-of-state residents frequently visited the Defendants' motel. Because Defendants had Plaintiffs handle all guest calls/electronic inquires, the Plaintiff would regularly and recurrently each week, speak to motel guests (or prospective guests) who were physically outside the State of Florida, regarding motel business.

24. The Defendants failed to keep records in full compliance with the FLSA's recordkeeping requirements.

25. From about October 5, 2019 to February 25, 2020, L. TRAVELSTEAD worked about 48 hours per week and was paid absolutely no wages.

26. From about October 5, 2019 to April 28, 2022, K. TRAVELSTEAD worked between 54 and 66 hours per week. For that work, he would receive a weekly salary of between $221.66 and $350.00.

27. The Plaintiffs worked a schedule of six (6) days per week.

28. During Plaintiffs' employment, Defendants failed to pay the Plaintiffs at or above the applicable minimum wage for their hours worked.

29. Moreover, even though Plaintiffs, L. TRAVELSTEAD, and K. TRAVELSTEAD worked in excess of forty hours per week, Defendants failed to pay them at the rate of time-and-one-half times the applicable minimum wage.

30. Defendants knowingly, willfully, and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each hour Plaintiffs worked in conformance with the applicable law.

31. Defendant UMRIGAR was the owner and operator of DAYS INN and was aware at all times that the Plaintiffs were being paid nothing for their work hours by Defendants. Therefore, he is personally liable for the FLSA violations.

32. UMRIGAR was involved in the scheduling of the Plaintiffs' hours and was directly involved in the wages (if any) they were paid.

33. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

## COUNT I

## VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

34. Plaintiffs reallege Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Plaintiffs' employment with Defendants was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

36. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

37. During the Plaintiffs' employment, the Defendants paid them less than the statutory minimum wage for all of their work hours.

38. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiffs.

39. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiffs respectfully request:

    a.    judgment in their favor for all unpaid minimum wages;

      b.     liquidated damages;

      c.     attorneys' fees and costs pursuant to the FLSA;

      d.     post-judgment interest; and

      e.     all other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

40. Plaintiffs, L. TRAVELSTEAD and K. TRAVELSTEAD, reallege Paragraphs 1 through 33 as if fully stated herein.

41. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiffs at least the applicable Florida minimum wage.

42. During Plaintiffs' employment, Defendants paid them less than the statutory minimum wage for all of their work hours.

43. The Defendants acted willfully and maliciously in paying Plaintiffs below the minimum wage.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against the Defendants:

      a.     Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiffs at or above the minimum wage;

      b.     Awarding Plaintiffs all back wages due and owing in the amount calculated above;

      c.     Awarding Plaintiffs liquidated damages in the amount equal to their back wages;

      d.     Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

  e. Awarding Plaintiffs prejudgment and post-judgment interest;

  f. Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

44. Plaintiffs, L. TRAVELSTEAD and K. TRAVELSTEAD, reallege Paragraphs 1 through 33 as if fully stated herein.

45. Since Plaintiffs' date of hire with Defendants, in addition to Plaintiffs' normal regular work week, the Plaintiffs worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.

46. Plaintiffs were entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided in the FLSA.

47. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked by Plaintiffs in excess of the maximum hours provided in the FLSA.

48. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due. Defendants also failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

50. Due to the willful, malicious, and unlawful acts of Defendants, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal

amount as liquidated damages their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendants:

a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiffs overtime compensation in the amounts calculated;

c. Awarding Plaintiffs liquidated damages;

d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiffs post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Date: July 13, 2022.

                                              Respectfully submitted,

                                              BOBER & BOBER, P.A.
                                              Attorneys for Plaintiff
                                              2699 Stirling Road
                                              Suite A-304
                                              Hollywood, FL 33312
                                              Phone: (954) 922-2298
                                              Fax: (954) 922-5455
                                              peter@boberlaw.com

                                  By:    */s/. Peter Bober*
                                                FBN: 0122955

IN THE CIRCUIT COURT FOR THE 18th
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY FLORIDA

CASE NO.: 05-2022-CA-036517-XXXX-XX

LISA TRAVELSTEAD and KAARL
TRAVELSTEAD,

       Plaintiffs,

v.

U.N. MANAGEMENT LIMITED LIABILITY
COMPANY, a foreign limited liability
company d/b/a DAYS INN, and NATVARLAL V.
UMRIGAR a/k/a NATU UMRIGAR,
an individual,

       Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

       YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition in this action on Defendant:

       Natvarlal V. Umrigar a/k/a Natu Umrigar
       1944 Dobbs Road
       Alexander City, AL 35010

       Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorneys, Bober & Bober, P.A., whose address is 2699 Stirling Road, Suite A-304, Hollywood, FL 33312 (954) 922-2298, within **20 days** after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

       Witness my hand and the Seal of said Court this __13__ day of July, 2022.

                                            RACHEL M. SADOFF
                                            As Clerk of said Court

                                            By:_____
                                                  As Deputy Clerk

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail a copy of your written response to the Plaintiff's Attorney named below.

**IMPORTANT**

In accordance with the Americans Disabilities Act of 1990 (ADA), Disabled persons who, because of their disabilities, need special accommodation to participate in this proceeding should contact the ADA Coordinator at 201 S.E. 6th Street, Room 136, Fort Lauderdale, FL 33301. Or telephone Voice/TDD (954) 831-6364, NOT LATER THAN FIVE (5) DAYS PRIOR TO SUCH PROCEEDING.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribuanal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requistos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que present su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour desposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant, pour vous proteger. Vous estes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vouspouvez requerir ls services immediats d'un avocat. Si vous ne

connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

  Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faundra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme cidessous.

Filing # 152812269 E-Filed 07/12/2022 02:37:36 PM

IN THE CIRCUIT COURT FOR THE 18th<br>
JUDICIAL CIRCUIT IN AND FOR<br>
BREVARD COUNTY FLORIDA<br>
<br>
CASE NO.: 05-2022-CA-036517-XXXX-XX

LISA TRAVELSTEAD and KAARL TRAVELSTEAD,

       Plaintiffs,

v.

U.N. MANAGEMENT LIMITED LIABILITY COMPANY, a foreign limited liability company d/b/a DAYS INN and NATVARLAL V. UMRIGAR a/k/a NATU UMRIGAR, an individual,

       Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition in this action on Defendant:

> U.N. Management Limited Liability Company
> d/b/a Days Inn
> RT Corporate Services, LLC, as registered agent
> 2407 Periwinkle Way, Suite 6
> Sanibel, FL 33957

    Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorneys, Bober & Bober, P.A., whose address is 2699 Stirling Road, Suite A-304, Hollywood, FL 33312 (954) 922-2298, within **20 days** after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    Witness my hand and the Seal of said Court this __13__ day of July, 2022.

RACHEL M. SADOFF<br>
As Clerk of said Court<br>
<br>
By: _____<br>
As Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court, you must also mail a copy of your written response to the Plaintiff's Attorney named below.

## IMPORTANT

In accordance with the Americans Disabilities Act of 1990 (ADA), Disabled persons who, because of their disabilities, need special accommodation to participate in this proceeding should contact the ADA Coordinator at 201 S.E. 6th Street, Room 136, Fort Lauderdale, FL 33301. Or telephone Voice/TDD (954) 831-6364, NOT LATER THAN FIVE (5) DAYS PRIOR TO SUCH PROCEEDING.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribuanal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requistos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que present su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour desposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant, pour vous proteger. Vous estes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vouspouvez requerir ls services immediats d'un avocat. Si vous ne

connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

      Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faundra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme cidessous.

IN THE CIRCUIT COURT FOR THE 18th JUDICIAL
CIRCUIT IN AND FOR BREVARD COUNTY FLORIDA
CASE NO.:05-2022-CA-036517

**LISA TRAVELSTEAD and KAARL TRAVELSTEAD,**

    **Plaintiffs,**

V.

**U.N. MANAGEMENT LIMITED LIABILITY
COMPANY, a foreign limited liability company
d/b/a DAYS INN, and NATVARLAL V.
UMRIGAR a/k/a NATU UMRIGAR,**
an individual,

    **Defendants.**
_____/

## NOTICE TO STATE COURT OF FILING NOTICE OF REMOVAL BY DEFENDANTS

TO:    CLERK OF COURT
         CIRCUIT COURT, 18th JUDICIAL DISTRICT
         In and for Brevard County, Florida

Pursuant to 28 U.S.C. §1446, Defendants, U.N. MANAGEMENT LIMITED LIABILITY COMPANY, a foreign limited liability company d/b/a DAYS INN, and NATVARLAL V. UMRIGAR a/k/a NATU UMRIGAR, an individual, submits for filing a copy of Defendants' Notice of Removal submitted for filing August 16, 2022, in the Office of the Clerk of the United States District Court for the Middle District of Florida, Orlando Division. See **Exhibit A** attached hereto. The Notice of Removal removes the action from the Circuit Court, 18th Judicial Circuit, in and for Brevard County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division.

    DATED: August 16, 2022.

**EXHIBIT B**

/s/ *Nikhil N. Joshi*
NIKHIL N. JOSHI, ESQ.
Florida Bar Number: 123803
LORRAINE MAASS HULTMAN, ESQ.
Florida Bar Number: 250511
*Attorneys for Defendants*
Hultman + Joshi P.A.
2055 Wood Street, Suite 208
Sarasota, FL 34237
T: 941.218.2800/Fax: 941.218.2801
lori@hultmanjoshi.com
nik@hultmanjoshi.com
hjassistant@hultmanjoshi.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 16th day of August 2022 a true and correct copy of the foregoing has been filed electronically using the Court's E-filing Portal and that copies of the same have been served by email to:

Peter Bober, Esq.
Bober & Bober, P.A.
2699 Stirling Road
Suite A304
Hollywood, FL 33312
954-922-2298
Email: peter@boberlaw.com; annie@boberlaw.com samara@boberlaw.com
*Attorneys for Plaintiffs*