UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LISA TRAVELSTEAD; and KAARL
TRAVELSTEAD,

    Plaintiffs,

v.                                                                  Case No. 6:22-cv-1459-RBD-EJK

U.N. MANAGEMENT LIMITED
LIABILITY COMPANY; and
NATVARLAL V. UMRIGAR,

    Defendants.
_____

## ORDER

In this Fair Labor Standards Act ("FLSA") case, the parties jointly moved for approval of their settlement agreement (Doc. 21-1 ("Agreement")). (Doc. 21 ("Motion").) On referral, U.S. Magistrate Judge Embry J. Kidd recommends the Court grant the Motion and approve the Agreement. (Doc. 22 ("R&R").) The parties did not object, so the Court examines the R&R for clear error only. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the R&R is due to be adopted in its entirety.

The Court notes that the settlement at issue includes a general release of all Plaintiffs' claims against Defendants. (Doc. 21-2, ¶ 3.) The Court has previously ruled that "[p]ervasive, overly broad releases have no place in settlements of most

FLSA claims." *Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) (Dalton, J.). This is because "in the typical FLSA case, the indeterminate nature of general releases also prevents the Court from being able to evaluate the claims that have been waived by employees, thereby making a fairness determination difficult if not impossible." *Id*. Unlike the typical case, where the parties are unwilling or unable to identify a potential claim that plaintiffs are waiving, here, the parties specify potential wrongful eviction claims Plaintiffs may have against Defendants. (Doc. 21, ¶ 9); *see Bright*, 2012 WL 868804, at *4. And Plaintiffs' waiver of these claims provide the additional justification needed for the separate agreement and consideration. (*See* Docs. 21-1, 21-2); *Bright*, 2012 WL 868804, at *4. So the Court agrees with Judge Kidd's reasoning that the separate release agreement does not taint the reasonableness and fairness of the FLSA Agreement. (Doc. 22, pp. 9–10.)

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The R&R (Doc. 22) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

2. The Motion (Doc. 21) is **GRANTED**.

3. The Agreement (Doc. 21-1) is **APPROVED** as fair and reasonable.

4. This case is **DISMISSED WITH PREJUDICE**.

5. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 30, 2023.

ROY B. DALTON JR.
United States District Judge